IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2384-S |
| | § | |
| LINDA DANIELS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By electronic order of reference dated September 10, 2018, before the Court is the *United States' (IRS) Petition to Enforce IRS Summons,* filed August 24, 2018. Based on the relevant filings, oral argument, and applicable law, the petition should be **GRANTED**.

**I.  BACKGROUND**

On September 11, 2018, this Court issued an order for respondent Linda Daniels (Respondent) to show cause at a hearing on Tuesday, September 25, 2018, at 10:00 a.m., as to why the petition of the Internal Revenue Service (IRS) should not be ordered enforced. The Court ordered the IRS Revenue Officer to serve the show cause order on Respondent, and the United States filed a return of service on September 13, 2018, indicating that Respondent had been personally served with a copy of the show cause order on September 12, 2018.

The show cause hearing was conducted on Tuesday, September 25, 2018, and Respondent appeared as ordered. At the beginning of the hearing, the parties advised on the record that they had conferred, and that Respondent had agreed to appear before IRS Revenue Officer Bernadette Letcher at the offices of the IRS at 1100 Commerce Street, Dallas, Texas, immediately after the show cause hearing in order to testify.

## II. ANALYSIS

Where any person refuses to obey an IRS summons, the government may seek judicial enforcement of the summons. 26 U.S.C. § 7604. It is well settled that the government's *prima facie* case for enforcement requires only a "minimal" initial showing that the summons was issued in good faith, i.e., that (1) it was issued for a proper purpose, (2) that the material sought is relevant to that purpose, (3) that the information sought is not already within the Commissioner's possession, and (4) that the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell,* 379 U.S. 48 (1964); *Barquero v. United States,* 18 F.3d 1311, 1316 (5th Cir.1994); *United States v. McCoy,* 954 F.2d 1000, 1004 (5th Cir.1992). This showing may be made by a simple affidavit filed with the petition to enforce by the agent who issued the summons. *United States v. Linsteadt,* 724 F.2d 480, 482 (5th Cir.1984); *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir.), *cert. denied,* 454 U.S. 862 (1981). Once the government makes this minimal showing, the burden shifts to the party resisting the summons to challenge it on any appropriate ground, e.g., demonstrating an improper purpose of the summons or abuse of the court's process. *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 316 (1978); *Powell,* 379 U.S. at 58; *McCoy,* 954 F.2d at 1004. Accordingly, the taxpayer, or the party challenging the summons, bears the "heavy" burden of rebutting the government's prima facie showing for enforcement of a summons. *United States .v Abrahams,* 905 F.2d 1276, 1280 (9th Cir.1990); *Liberty Financial Serv. v. United States,* 778 F.2d 1390, 1392 (9th Cir.1985).

In this case, the declaration of the Revenue Officer in support of the petition established that the IRS needs the information summonsed, and that the information may be relevant to an investigation of Umbrella Financial Services, LLC, Ashley Fisher and Lannis Shepherd and related companies that prepare and/or file false and fraudulent tax returns for taxpayers for the tax years

2015, 2016 and 2017. The Officer's declaration adequately meets the United States' burden of establishing a legitimate purpose in issuing the summons and that the summonsed information may be relevant for that purpose. Her declaration also adequately meets the United States' burden of establishing that it does not have possession of the information summonsed. Respondent did not meet her heavy burden of rebutting the government's prima facie showing for enforcement of a summons and has agreed to testify.

The Court therefore finds that the Internal Revenue Service summons issued by Revenue Officer Letcher was authorized and properly served under the provisions of 26 U.S.C. § 7602, and that jurisdiction to enforce the summons in this action properly exists in this Court under 26 U.S.C. § 7604(a). The Court finds that the summons which was the subject matter of this action was issued for a legitimate purpose under the Internal Revenue Code, seeks information relevant for that purpose, and seeks testimony and information that are not presently in the possession of the Internal Revenue Service. The Court specially finds that the purpose of the summons was to secure testimony relating to an investigation of Umbrella Financial Services, LLC, Ashley Fisher and Lannis Shepherd and related companies that prepare and/or file false and fraudulent tax returns for taxpayers for the tax years 2015, 2016 and 2017. The summons was issued in compliance with all applicable statutes, rules, and regulations and there is no "Justice Department referral" in effect with respect to Respondent, or any person whose tax liability is at issue under the summons as that term is defined in 26 U.S.C. § 7602(d)). Accordingly, the requirements set out in *United States v. Powell,* 379 U.S. 48 (1963), have been satisfied, and the government is entitled to enforcement of the summons. *United States v. LaSalle National Bank,* 437 U.S. 298, (1978).

### III.  RECOMMENDATION

The Court recommends that the petition to enforce the summons be **GRANTED**, and that

Respondent be **ORDERED** to appear before Revenue Officer Bernadette Letcher, or another officer of the Internal Revenue Service, at 1100 Commerce Street, Dallas, Texas 75242, on **Tuesday, September 25, 2018, at 11:00 a.m.**, to testify to the matters specified in the summons attached to Exhibit "1" to the petition of the United States of America filed in this matter.  The Court further recommends that all court costs be taxed against Respondent.

    **SO RECOMMENDED** on this 25th day of September, 2018.

                                  IRMA CARRILLO RAMIREZ
                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                  IRMA CARRILLO RAMIREZ
                                  UNITED STATES MAGISTRATE JUDGE